# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **Crim. No. 13-CR-10164-WGY** |
| | ) | |
| **MICHAEL BOURQUE ET AL.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## GOVERNMENT'S PROPOSED JURY INSTRUCTIONS

The United States of America, by and through Assistant United States Attorneys Michael I. Yoon and Neil J. Gallagher, Jr., pursuant to Fed. R. Crim. P. 30, hereby submits its request for jury instructions, in addition to the Court's usual instructions in criminal cases, in the above-captioned case.  The United States also requests leave to file additional instructions as may become appropriate during the course of the trial.

Respectfully submitted,

CARMEN M. ORTIZ
United States Attorney

By:    /s/ Michael I. Yoon
       Michael I. Yoon
       Neil J. Gallagher, Jr.
       Assistant U.S. Attorneys
       1 Courthouse Way, Suite 9200
       Boston, MA 02210
       (617) 748-3100

Date Submitted:  April 11, 2014

**CONSPIRACY**

A conspiracy is an agreement or combination of two or more persons to violate the law. It is a kind of partnership in crime in which each member of the conspiracy, just by being a member of the conspiracy, becomes an agent of every other member of the conspiracy.  What this means is that each conspirator not only acts for himself, but also acts for the other conspirators.  The gist of the offense is a combination or an agreement to disobey or disregard the law to achieve the unlawful purpose.

The crime of conspiracy to violate a federal law is separate and distinct from the actual violation of that same federal law.  The actual violation is referred to as a "substantive crime," in contrast to a conspiracy offense.  Because conspiracy is an independent offense, it is not necessary that the government prove that the unlawful purpose of the conspiracy actually was achieved in order to prove that the conspiracy existed.  What the evidence must show, however, is that the members of the conspiracy in some way or manner, through some means, came to a mutual understanding to try and accomplish their common unlawful purpose and that they did so knowingly, willfully, and intentionally.

**AUTHORITY:** Adapted from Pettibone v. United States, 148 U.S. 197, 203 (1893); United States v. Guerro, 693 F.2d 10, 12 (1st Cir. 1982); United States v. Winter, 663 F.2d 1120, 1136 (1st Cir. 1981); United States v. Hathaway, 534 F.2d 386, 401 n.19 (1st Cir. 1976); United States v. Postma, 242 F.ed 488, 496-97 (2nd Cir. 1957); 1 Sand, Siffert, Loughlin & Reiss, Modern Federal Jury Instructions, Instruction 19-2 (2000); 18 U.S.C. § 894.

**EXISTENCE OF A CONSPIRACY**

With respect to Count One of the Indictment for Defendants Michael Bourque, Robert Hagenaars, and Mark Newton, the first element you must determine is whether there was a conspiracy as charged.  To prove that a conspiracy existed, the government must prove beyond a reasonable doubt that two or more persons entered into the unlawful agreement charged in the Indictment.

A conspiracy is an agreement, spoken or unspoken.  A conspiracy does not have to be a formal agreement or plan in which everyone sat down together and worked out all the details. But the government must prove beyond a reasonable doubt that those who were involved shared a general understanding about the crime.

For each Defendant, the government must prove beyond a reasonable doubt that the Defendant knew the essential purpose and aim of the conspiracy to distribute Oxycodone and willingly participated with the intent to try and accomplish that purpose.  That is, the evidence must show beyond a reasonable doubt that the Defendant and at least one other person in some way or manner, through some means, came to a mutual understanding to try and accomplish their common unlawful purpose and that they did so knowingly, willfully and intentionally.

In order for you to find that a conspiracy existed, you need not find that the alleged members of the conspiracy met together and entered into any express or formal agreement. Similarly, you need not find that the alleged conspirators stated, in words or writing, what their scheme was, its object or purpose, or every precise detail of the scheme or the means by which its object or purpose was to be accomplished.  It is sufficient if an agreement is shown by conduct, by a wink, a nod, a handshake, or by a silent understanding to share a purpose to violate

the law.[1]

A conspiracy is, by its very nature, usually secret in its origin and in its execution. Therefore, what the evidence in the case must show beyond a reasonable doubt, in order to establish proof that a conspiracy existed, is that the members in some way or manner, positively or tacitly came to a mutual understanding to try to accomplish a common and unlawful plan.  In essence, there must have been an agreement.

Since a conspiracy is by its very nature often secret, neither the existence of the common agreement or scheme, nor the fact of a defendant's participation in it, must be proved by direct evidence; both may be inferred from circumstantial evidence.[2]  The common purpose or plan may be inferred from the course of the dealing between a defendant and another alleged conspirator.[3]  In this regard, you may, in determining whether an agreement existed herein, consider the actions and statements of all of those you find to be participants as proof that a common design existed on the part of the persons charged to act together for the accomplishment of an unlawful purpose.

---

[1]   Sepulveda, 15 F.3d at 1173 ("There are no particular formalities that attend this showing:  the agreement may be express or tacit and may be proved by direct or circumstantial evidence."); United States v. Pallindo, 203 F.Supp. 35, 37 (D. Mass. 1962) ("An agreement may be shown by conduct, by a wink or a nod, by a silent understanding to share a purpose to violate the law.").

[2]   United States v. O'Campo, 973 F.2d 1015, 1019 (1st Cir. 1992) (no need for express agreement; circumstantial evidence sufficient).

[3]   United States v. Rivera-Santiago, 872 F.2d 1073, 1079 (1st Cir. 1989), cert. denied 104 S.Ct. 3227 (1989) ("Because of the secretive nature of the crime, it is recognized that the agreement may be express or tacit.  The agreement, whether tacit or express, may be proven by circumstantial as well as express evidence.  A common purpose and plan may be inferred from a development and collocation of circumstances.").

The Indictment alleges that the conspiracy charged against the Defendants in Count One existed from at least in or about November 2012 to on or about May 2013.  In determining whether a defendant and at least one other person conspired as charged, you need not find that the conspiracy existed at the exact time or over the entire period charged.  What must be proven beyond a reasonable doubt is that the conspiracy was in existence for some period of time reasonably near the time alleged or for some portion of the period charged.

**AUTHORITY:**  Adapted from 1 L. Sand, <u>Modern Federal Jury Instructions:  Criminal</u>, ¶19-4 (1993).

## MEMBERSHIP IN THE CONSPIRACY

The second element the government must prove beyond a reasonable doubt to establish the offense of conspiracy is that the individual defendant <u>knowingly</u> and <u>intentionally</u> became a member of the conspiracy with the intent to further its unlawful purposes.

A person acts "knowingly" and "intentionally" if he or she acts voluntarily and not because of ignorance, mistake, accident or carelessness.[4]

Proof that a defendant simply knew about a conspiracy or was present at times or associated with members of the group is not enough, even if he or she approved of what was happening or did not object to it.  Merely associating with others and discussing common goals, mere similarity of conduct between or among such persons, merely being present at the place where a crime takes place or is discussed, or even knowing about criminal conduct does not, by itself, make someone a member of a conspiracy.  Similarly, just because a defendant may have done something that happened to help a conspiracy does not make him or her a conspirator.

An individual may be found to be a part of a conspiracy even though he did not intend to, and did not, directly participate in the substantive act, and even though he or she did not know the precise extent of the enterprise.[5]  That is, it is not necessary that the government prove that each member of a conspiracy knew the names, identities, or even the number of all of his or her

---

[4]  Adapted from 1 L.B. Sand, <u>Modern Federal Jury Instructions:  Criminal</u>, ¶3A-1 (1993).

[5]  <u>United States v. Piper</u>, 35 F.3d 611, 615 (1st Cir. 1994) citing <u>United States v. Moosey</u>, 735 F.2d 633, 635-36 (1st Cir. 1984) (upholding conviction for conspiracy even though defendant personally had not intended to, and did not, participate in the underlying substantive offense of interstate trafficking).  <u>See also</u>, <u>United States v. Rivera-Santiago</u>, 872 F.2d 1073, 1079 (1st Cir.) (an individual could be found to be part of a conspiracy to possess and distribute cocaine even though he neither directly participated in interstate trafficking nor knew the precise extent of the enterprise.  The fact that he participated in one . . . link of the distribution chain, knowing it extended beyond his individual role, was sufficient).

confederates.  Nor does the government need to prove that each member of the conspiracy knew all of the details of the conspiracy.[6]  The government need only prove the two elements of the charge of conspiracy beyond a reasonable doubt.  The government must prove, however, that a defendant knew the essential purpose and aim of the conspiracy and willingly participated with the intent to try and accomplish that purpose.[7]

---

[6] Sepulveda, 15 F.3d at 1173 ("in a criminal conspiracy, culpability may be constant though responsibilities are divided; the government does not need to show as a precursor to a finding of guilt that a given defendant took part in all aspects of the conspiracy").

[7] Rivera-Santiago, 872 F.2d at 1079; United States v. Stubbert, 655 F.2d 453, 457 (1st Cir. 1981).

## ACTS AND DECLARATIONS OF CO-CONSPIRATORS

I have admitted into evidence certain acts and statements of various individuals because these acts and statements are alleged to have been committed during the course and in furtherance of the conspiracy.

The reason for allowing this evidence to be received against a defendant has to do with the nature of the crime of conspiracy.  A conspiracy is often referred to as a partnership in crime. Thus, as in other types of partnerships, when people enter into a conspiracy to accomplish an unlawful end, each and every member becomes an agent for the other conspirators in carrying out the conspiracy.

Accordingly, the reasonably foreseeable acts, declarations, statements and omissions of any member of the conspiracy and in furtherance of the common purpose of the conspiracy, are deemed under the law, to be the acts of all of the members, and all of the members are responsible for such acts, declarations, statements, and omissions.  This is so even if the acts or statements in question were done or made in the absence of the defendant and without his knowledge.

However, before you consider the statements or acts of a coconspirator in deciding the issue of a defendant's guilt, you must first determine that the acts and statements were made during the existence, and in furtherance, of the unlawful scheme.  If the acts were done or the statements made by someone whom you do not find to have been a member of the conspiracy or if they were not done or said in furtherance of the conspiracy, they may not be considered by you as evidence against a defendant.

**AUTHORITY:**  <u>United States v. Petrozziello</u>, 548 F.2d 20, 23 (1st Cir.  1977); L.B. Sand, <u>Modern Federal Jury Instructions: Criminal</u>, §19-9 (1990); <u>United States v. Angiulo</u>, 847 F. 2d 956, 969 (1st Cir. 1988) ("as long as it is shown that a party, having joined a conspiracy, is aware of the conspiracy's features and general aims, statements pertaining to the details of plans to further the conspiracy can be admitted against the party even if the party does not have specific knowledge of the acts spoken of").  Devitt and Blackmar, <u>Federal Jury Practice and Instructions</u>, §§14.13 (3d ed. 1977).

**STAKE IN THE OUTCOME**

The extent of a defendant's participation in a conspiracy and the importance of his role in effectuating the purposes of the conspiracy do not determine that defendant's guilt.  A conspirator's guilt or innocence is not measured by the extent or duration of his participation.  Indeed, each member may perform separate and distinct acts and may perform them at different times.  Some conspirators play major roles, while others play minor parts in the scheme.  An equal role is not what the law requires.  In fact, even a single act may be sufficient to draw a defendant within the gambit of the conspiracy.

Moreover, a person may be found to be a member of a conspiracy whether or not he had a financial stake in the illegal venture.  Conspirators may have different motives for participating in a conspiracy.

**AUTHORITY:**  This instruction is adopted from: (1) an instruction given by Judge Keeton in United States v. Forero-Diaz, Criminal Number 88-110-K, pp. 29; and (2) L.B. Sand, Modern Federal Jury Instructions: Criminal, §19-6 (1990).

**ELEMENTS OF CONSPIRACY TO POSSESS WITH INTENT TO DISTRIBUTE AND
TO DISTRIBUTE OXYCODONE
[21 U.S.C. § 846]**

Defendants are accused in Count One of the Indictment with conspiracy to possess with intent to distribute and to distribute Oxycodone.  It is against federal law to conspire with someone to commit either of these crimes.

For you to find the defendant guilty of conspiracy, you must be convinced that the government has proven both of the following things beyond a reasonable doubt:

One:          That the agreement specified in the Indictment, and not some other agreement or agreements, existed between the Defendant and at least one other person (a) to possess with intent to distribute Oxycodone, or (b) to distribute Oxycodone; and

Two:          That the Defendant willfully joined in that agreement.

A conspiracy is an agreement, spoken or unspoken.  The conspiracy does not have to be a formal agreement or plan in which everyone involved sat down together and worked out all the details.  But the government must prove beyond a reasonable doubt that those who were involved shared a general understanding about the crime.  Mere similarity of conduct among various people, or the fact that they may have associated with each other or discussed common aims and interests does not necessarily establish proof of the existence of a conspiracy, but you may consider such factors.

To act "willfully" means to act voluntarily and intelligently and with the specific intent that the underlying crime be committed - that is to say, with bad purpose, either to disobey or disregard the law - not to act by ignorance, accident or mistake.  The government must prove two

types of intent beyond a reasonable doubt before the defendant can be said to have willfully

joined the conspiracy: an intent to agree and an intent, whether reasonable or not, that the

underlying crime be committed.  Mere presence at the scene of a crime is not alone enough, but

you may consider it among other factors.  Intent may be inferred from the surrounding

circumstances.

Proof that a defendant willfully joined in the agreement must be based upon evidence of

his own words or actions.  You need not find that a defendant agreed specifically to or knew

about all the details of the crime, or knew every other co-conspirator or that he participated in

each act of the agreement or played a major role, but the government must prove beyond a

reasonable doubt that a defendant knew the essential features and general aims of the venture.

Even if a defendant was not part of the agreement at the very start, he can be found guilty of

conspiracy if the government proves that he willfully joined the agreement later.  On the other

hand, a person who has no knowledge of a conspiracy, but simply happens to act in a way that

furthers some object or purpose of the conspiracy, does not thereby become a conspirator.

The government does not have to prove that the conspiracy succeeded or was achieved.

The crime of conspiracy is complete upon the agreement to commit the crime to possess with

intent to distribute Oxycodone, or upon the agreement to commit the crime to distribute

Oxycodone.

**AUTHORITY:** United States v. Rivera-Santiago, 872 F.2d 1073, 1078-80 (1st Cir. 1989), as
modified by United States v. Piper, 35 F.3d 611, 614-15 (1st Cir. 1994).  Overt act is not
required in a drug conspiracy under 21 U.S.C. § 846.  See United States v. Shabani, 513 U.S. 10
(1994).  Pattern Jury Instructions: First Circuit, Criminal Cases Committee on Pattern Criminal
Jury Instructions (1998 Edition).

## OXYCODONE: CONTROLLED SUBSTANCE

As a matter of law, I instruct you that Oxycodone is a Schedule II controlled substance.

You must take this as a fact.

**OBJECTS OF THE CONSPIRACY**

A conspiracy must have one or more criminal objects — that is, the agreement must have one or more criminal purposes.  The government does not have to prove that the conspiracy succeeded or that its objects were achieved.  The crime of conspiracy is complete once an agreement exists to commit the crimes that are its objects.

**DISTRIBUTION OF OXYCODONE**

It is against federal law to distribute Oxycodone.  The elements of the crime of distribution of Oxycodone are:

First, that a person distributed Oxycodone to another person;

Second, that he or she knew that the substance was Oxycodone; and

Third, the defendant acted intentionally — that is, that it was his or her conscious objective to transfer the Oxycodone to another person.

A person distributes Oxycodone if he or she transfers it from one person to another.  It is not necessary for the government to prove that the person benefitted in any way from the transfer.

### DEFENDANT'S INTENT TO HIMSELF TO DISTRIBUTE OXYCODONE

You need not find that a defendant specifically intended to himself distribute Oxycodone in order to find that he willfully joined the conspiracy.

## DEFINITION OF "KNOWINGLY"

The word "knowingly" as that term has been used from time to time in these instructions,

means that the act was done voluntarily and intentionally and not because of mistake or accident.

**AUTHORITY:** Pattern Jury Instructions: First Circuit, Criminal Cases Committee on Pattern
Criminal Jury Instructions (1998 Edition).

**DIRECT AND CIRCUMSTANTIAL EVIDENCE; INFERENCES**

There are two kinds of evidence: direct and circumstantial.  Direct evidence is testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which one can find or infer another fact.  You may consider both direct and circumstantial evidence.  The law permits you to give equal weight to both, but it is for you to decide how much weight to give to any evidence.

While you should consider only the evidence, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts which have been established by the evidence.

**AUTHORITY:** Pattern Criminal Jury Instructions for the District Courts of the First Circuit § 3.04; Pattern Jury Instructions: First Circuit, Criminal Cases Committee on Pattern Criminal Jury Instructions §3.05 (1998 Edition).

**WHAT IS NOT EVIDENCE**

Certain things are not evidence.  I will list those things for you now:

<u>One</u>:  Statements, arguments, questions, and comments by lawyers representing the parties in the case are not evidence.  The lawyers are not witnesses.  What they say in their opening statements, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them from the evidence differ from the way the lawyers have stated them, your memory of them controls;

<u>Two</u>:  Objections are not evidence.  Lawyers have a duty to their client to object when they believe something is improper under the rules of evidence.  You should not be influenced by the objection or my ruling on it.  If I sustain an objection, you must ignore the question or exhibit and must not try to guess what the answer might have been or the exhibit might have contained.  If I overrule the objection, the evidence will be admitted, but do not give it special attention because of the objection;

<u>Three</u>:  Testimony that I strike from the record, or tell you to disregard, is not evidence and must not be considered;

<u>Four</u>:  Anything you see or hear about this case outside the courtroom is not evidence, unless I specifically tell you otherwise during the trial.

Finally, a particular item of evidence is sometimes received for a limited purpose only. That is, it can be used by you only for a particular purpose, and not for any other purpose. I will tell you when that occurs and instruct you on the purposes for which the item can and cannot be used.

**AUTHORITY:** Adapted from Judge Hornby's 2007 Revisions to the Pattern Criminal Jury Instructions for the District Courts of the First Circuit, § 3.08 (District of Maine Internet Site Edition)(9/20/07)

**USE OF AUDIO RECORDINGS AND TRANSCRIPTS**

You have heard phone conversations that were recorded.  This is proper evidence for you to consider.  In order to help you, I allowed you to have a transcript to read along as the recording is played.  The transcript was merely to help you understand what is said on the audio recordings.  If you believe at any point that the transcript said something different from what you hear on the audio recording, remember it is the audio recording that is the evidence, not the transcript.  Any time there is a variation between the audio recording and the transcript, you must be guided solely by what you heard on the audio recording and not by what you see in the transcript.

**AUTHORITY**:  United States v. Mazza, 792 F.2d 1210, 1227 (1st Cir. 1986).

**CREDIBILITY OF WITNESSES**

Whether the government has sustained its burden of proof does not depend upon the number of witnesses it has called or upon the number of exhibits it has offered, but instead upon the nature and quality of the evidence presented.  In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe everything a witness says or only part of it or none of it.

In deciding what to believe, you may consider a number of factors, including the following:

<u>One</u>:  The witness's ability to see or hear or know the things the witness testifies to;

<u>Two</u>:  The quality of the witness's memory;

<u>Three</u>:  The witness's manner while testifying;

<u>Four</u>:  Whether the witness has an interest in the outcome of the case or any motive, bias or prejudice;

<u>Five</u>:  Whether the witness is contradicted by anything the witness said or wrote before trial or by other evidence; and

<u>Six</u>:  How reasonable the witness's testimony is when considered in the light of other evidence which you believe.

**AUTHORITY:** Pattern Jury Instructions: First Circuit, Criminal CasesCommittee on Pattern Criminal Jury Instructions §3.06 (1998 Edition).

## WEIGHING THE TESTIMONY OF AN EXPERT WITNESS

You have heard testimony from one or more expert witnesses.  An expert witness has special knowledge or experience that allows that witness to give an opinion.

You may accept or reject such testimony.  In weighing the testimony, you should consider the factors that generally bear upon the credibility of a witness as well as the expert witness's education and experience, the soundness of the reasons given for the opinion and all other evidence in the case.

Remember that you alone decide how much of a witness's testimony to believe, and how much weight it should be given.

**AUTHORITY:** Pattern Jury Instructions: First Circuit, Criminal Cases Committee on Pattern Criminal Jury Instructions (1998 Edition).

**IDENTIFICATION**

Testimony by a witness as to identity must be received with caution and scrutinized with care. The government's burden of proof extends to every element of each crime charged, including the burden of proving beyond a reasonable doubt the identity of an alleged perpetrator of an offense.

**AUTHORITY**:  The First Circuit has approved the use of an instruction on identification testimony "in cases where the evidence suggests a possible misidentification."  United States v. Kavanagh, 572 F.2d 9, 10 (1st Cir. 1990); Wright v. Marshall, 656 F.3d 102, *7 (1st Cir. 2011) (quoting Kavanaugh, 572 F.2d at 10).  This instruction was approved as "substantively correct" in United States v. Angiulo, 897 F.2d 1169, 1205 (1st Cir. 1990), and Kavanagh, 572 F.2d at 12 ("requested charge would have been appropriate").

**DUTY OF THE JURY TO FIND FACTS AND FOLLOW LAW**

It is your duty to find the facts from all the evidence admitted in this case.  To those facts you must apply the law as I give it to you.  The determination of the law is my duty as the presiding judge in this court.  It is your duty to apply the law exactly as I give it to you, whether you agree with it or not.  You must not be influenced by any personal likes or dislikes, prejudices or sympathy.  That means that you must decide the case solely on the evidence before you and according to the law.  You will recall that you took an oath promising to do so at the beginning of the case.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important.  You must not read into these instructions, or into anything I may have said or done, any suggestions by me as to what verdict you should return -- that is a matter entirely for you to decide.

**AUTHORITY:** Pattern Jury Instructions: First Circuit, Criminal Cases Committee on Pattern Criminal Jury Instructions (1998 Edition).

**PRESUMPTION OF INNOCENCE; PROOF BEYOND A REASONABLE DOUBT**

It is a cardinal principle of our system of justice that every person accused of a crime is presumed to be innocent unless and until his guilt is established beyond a reasonable doubt.  The presumption is not a mere formality.  It is a matter of the most important substance.

The presumption of innocence alone may be sufficient to raise a reasonable doubt and to require the acquittal of a defendant.  The defendants before you has the benefit of that presumption throughout the trial, and you are not to convict any of them of the charge or charges unless you are persuaded of guilt of that charge beyond a reasonable doubt.

The presumption of innocence until proven guilty means that the burden of proof is always on the government to satisfy you that a defendant is guilty of the crime with which he is charged beyond a reasonable doubt.  The law does not require that the government prove guilt beyond all possible doubt; proof beyond a reasonable doubt is sufficient to convict.  This burden never shifts to a defendant.  It is always the government's burden to prove each of the elements of the crimes charged beyond a reasonable doubt by the evidence and the reasonable inferences to be drawn from that evidence.  A defendant has the right to rely upon the failure or inability of the government to establish beyond a reasonable doubt any essential element of the crime charged against him.

If, after fair and impartial consideration of all the evidence, you have a reasonable doubt as to a defendant's guilt of a particular crime, it is your duty to acquit that defendant of that crime.  On the other hand, if after fair and impartial consideration of all the evidence, you are satisfied beyond a reasonable doubt of a defendant's guilt of a particular crime, you should vote to convict that defendant.

**AUTHORITY:** Pattern Jury Instructions: First Circuit, Criminal Cases Committee on Pattern
Criminal Jury Instructions (1998 Edition).

**BURDEN OF PROOF**

In this, as in every criminal case, the government has the burden of proving each

defendant guilty of every essential element of the offense charged beyond a reasonable doubt.

The government is not required, however, to prove a defendant guilty beyond all possible doubt.

Nor must the government exclude every reasonable hypothesis of innocence so long as the total

evidence permits a conclusion of guilt beyond a reasonable doubt.

The burden of proof never shifts during trial.  The law does not require any of the

defendants to prove his innocence or to produce any evidence.

**AUTHORITY:** United States v. Gibson, 726 F.2d 869, 874 (1st Cir. 1984).  United States v.
Thornley, 707 F.2d 622, 625 (1st Cir. 1983).

### DEFENDANT'S CONSTITUTIONAL RIGHT NOT TO TESTIFY

A defendant has a constitutional right not to testify and no inference of guilt, or of

anything else, may be drawn from the fact that a defendant did not testify.  For any of you to

draw such an inference would be wrong; indeed, it would be a violation of your oath as a juror.

**AUTHORITY:** Pattern Jury Instructions: First Circuit, Criminal Cases Committee on Pattern
Criminal Jury Instructions (1998 Edition).

## FOREPERSON'S ROLE; UNANIMITY

I come now to the last part of the instructions, the rules for your deliberations.

When you retire you will discuss the case with the other jurors to reach agreement if you can do so.  You shall permit your foreperson to preside over your deliberations, and your foreperson will speak for you here in court.  Your verdict must be unanimous.

**AUTHORITY:** Pattern Jury Instructions: First Circuit, Criminal Cases Committee on Pattern Criminal Jury Instructions §6.01 (1998 Edition).

**CONSIDERATION OF EVIDENCE**

Your verdict must be based solely on the evidence and on the law as I have given it to you in these instructions.  However, nothing that I have said or done is intended to suggest what your verdict should be -- that is entirely for you to decide.

**AUTHORITY:** Pattern Jury Instructions: First Circuit, Criminal Cases Committee on Pattern Criminal Jury Instructions §6.02(1998 Edition).

**REACHING AGREEMENT**

Each of you must decide the case for yourself, but you should do so only after considering all the evidence, discussing it fully with the other jurors, and listening to the views of the other jurors.

Do not be afraid to change your opinion if you think you are wrong.  But do not come to a decision simply because other jurors think it is right.

This case has taken time and effort to prepare and try.  There is no reason to think it could be better tried or that another jury is better qualified to decide it.  It is important therefore that you reach a verdict if you can do so conscientiously.  If it looks at some point as if you may have difficulty in reaching a unanimous verdict, and if the greater number of you are agreed on a verdict, the jurors in both the majority and the minority should reexamine their positions to see whether they have given careful consideration and sufficient weight to the evidence that has favorably impressed the jurors who disagree with them.  You should not hesitate to reconsider your views from time to time and to change them if you are persuaded that this is appropriate.

It is important that you attempt to return a verdict, but of course, only if each of you can do so after having made your own conscientious determination.  Do not surrender an honest conviction as to the weight and effect of the evidence simply to reach a verdict.

**AUTHORITY:** Pattern Jury Instructions: First Circuit, Criminal Cases Committee on Pattern Criminal Jury Instructions §6.03 (1998 Edition).

**REASONABLE CONSIDERATION**

In coming to your decision, you should consider the evidence the same way all reasonable persons would treat any question presented to them.  You are expected to use your good sense, consider the evidence in the case for only those purposed for which it has been admitted, and give it a reasonable and fair construction in light of your common knowledge of the natural tendencies and inclinations of human beings.

**AUTHORITY:** Devitt and Blackmar, <u>Federal Jury Practice and Instructions</u>, §§ 15.01 (3rd ed. 1977).

**RETURN OF VERDICT FORM**

For each defendant, I want to read to you now what is called the verdict form.  This is simply the written notice of the decision you will reach in this case.

**Read verdict forms.**

After you have reached unanimous agreement on a verdict for each defendant, your foreperson will fill in each form that has been given to you, sign and date it, and advise the jury officer outside your door that you are ready to return to the courtroom.

After you return to the courtroom, your foreperson will deliver the completed verdict form as directed in open court.

**AUTHORITY:** Pattern Jury Instructions: First Circuit, Criminal Cases Committee on Pattern Criminal Jury Instructions §6.04 (1998 Edition).

**COMMUNICATION WITH THE COURT**

If it becomes necessary during your deliberations to communicate with me, you may send a note through the jury officer signed by your foreperson or by one or more members of the jury. No member of the jury should ever attempt to communicate with me on anything concerning the case except by a signed writing, and I will communicate with any member of the jury on anything concerning the case only in writing, or orally here in open court.  If you send out a question, I will consult with the parties as promptly as possible before answering it, which may take some time.  You may continue with your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone -- including me -- how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged.

**AUTHORITY:** Pattern Jury Instructions: First Circuit, Criminal Cases Committee on Pattern Criminal Jury Instructions §6.05 (1998 Edition).

**CONCLUSION**

Accordingly, the government hereby submits the above proposed jury instructions for the trial beginning on April 14, 2014.

Respectfully submitted,
CARMEN M. ORTIZ
United States Attorney

By:     /s/ Michael I. Yoon
        Michael I. Yoon
        Neil J. Gallagher, Jr.
        Assistant U.S. Attorneys
        1 Courthouse Way, Suite 9200
        Boston, MA 02210
        (617) 748-3100

Dated:  April 11, 2014

**Certificate of Service**

I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and that paper copies will be sent to those indicated as non-registered participants.

 /s/ Michael I. Yoon
Michael I. Yoon
Assistant United States Attorney